UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES CLEAR,

    Plaintiff,

v.                                                  Case No. 17-13836
                                                  Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                       /

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[Doc. No. 15]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 16 and 17]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's conclusions that: (1) the ALJ's decision was supported by substantial evidence; and (2) the ALJ properly assessed Plaintiff's limitations on a function-by-function basis.[1] The Court is not persuaded by Plaintiff's arguments.

Plaintiff argues that the ALJ did not follow the SSA regulations and that failure prejudiced him. Plaintiff contends that the ALJ (and the Magistrate Judge) "misconstrued medical evidence and testimony." Plaintiff asserts that: (a) the ALJ failed to outline the medical documentation upon which she relied in formulating her RFC; and (b) there is no physician documentation consistent with the RFC

---

[1] Plaintiff does not challenge the portion of the Magistrate Judge's analysis and conclusions that the ALJ did not err by failing to: (a) have Plaintiff's file reviewed by a psychologist or psychiatrist; or (b) order a consultative examination for any of Plaintiff's possible mental impairments. *See* Dkt. No. 15, PgID 710-18.

formulated by the ALJ. Plaintiff believes that the ALJ "severely overestimated" Plaintiff's ability to work, as it is impossible for Plaintiff to perform sustained work. Plaintiff identifies his inability to use his right arm, the constant daily pain he experiences, uncontrollable diarrhea (including soiling himself), and the inability to use the bathroom properly (resulting in 15-30 minute trips to the bathroom) as reasons why he cannot work.

The Court finds Plaintiff's argument to be unsupported by the record, the ALJ's decision, and the law. An ALJ does not have to base her findings and RFC on a physician's opinion. *See, e.g., Rudd v. Comm'r of Soc. Sec.*, 531 F.App'x 719, 728 (6th Cir. 2013) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."). Plaintiff is responsible for setting forth "specific evidence to support [his] claim." *Gerrick v. Comm'r of Soc. Sec.*, No. 15-12998, 2016 WL 5368620, at *2 (E.D. Mich. Sept. 26, 2016).

In reviewing the ALJ's decision, the Court finds that: (1) the ALJ recognized the injuries Plaintiff suffered on August 18, 2014 (and the resulting "severe impairments" attributable to those injuries); and (2) mentioned and considered a multitude of records, including discharge papers and instructions, progress notes

(including physical therapy sessions), MRIs, CT scans, and visits to Drs. Fares Zouheir, Edward Burke, Peter Amadio, John Ryan, Michael Sorscher, and Plaintiff's primary care physician (Dr. Haddock). *See* Dkt. No. 7-2 at PgID 52, 57-60. Plaintiff does not explain how the ALJ erroneously relied upon – or how the ALJ inadequately considered – the records stemming from those appointments or the prescribed treatment(s) by those physicians.

Plaintiff also does not describe how his impairments undermined the ALJ's conclusions or provide additional medical documentation that does so. As the ALJ noted, Plaintiff admittedly never received treatment from a specialist for his back and neck pain. Finally, the Court finds that there was substantial evidence to support the ALJ's conclusion that Plaintiff's medical history, examinations, and tests indicate that Plaintiff was not as limited as he contended. For example, although Plaintiff's testimony reflects that he claimed he suffers – to some extent – from each of the conditions described at the top of page 3 of this Order, *see* Dkt. No. 7-2, PgID 78-90, the Court finds that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff overstated the severity of those conditions. *See* Dkt. No. 7-2, PgID 60.

Plaintiff next argues that, although the ALJ was required to cite "substantial evidence to support [her] conclusions," the ALJ merely made conclusory

statements that her "assessment is supported by the totality of medical evidence." Plaintiff also contends that the ALJ did not identify the medical documentation she reviewed in formulating her RFC. Plaintiff asserts that his testimony established numerous severe restrictions for which the ALJ failed to articulate a resolution of the inconsistencies between the two. Plaintiff requests that this matter be remanded for a proper assessment of his ability to perform work-related activities pursuant to SSR 96-8p.

Plaintiff's challenge to the RFC parameters established by the ALJ lacks merit. As set forth in the ALJ's decision, *see* Dkt. No. 7-2, PgID 58-61, the ALJ evaluated Plaintiff's injuries suffered on August 18, 2014 and Plaintiff's recovery from them. The ALJ noted numerous exams, tests, doctor visits, physical therapy sessions, and notes from all of those events. Plaintiff has not argued why or how the medical records were inaccurate or how they were inaccurately construed by the ALJ. Plaintiff also has not offered any other medical documentation that contradicts the records discussed by the ALJ. And, in addition to the fact that the ALJ engaged in a function-by-function analysis, *see* Dkt. No. 7-2, PgID 53-54, the record demonstrates that the ALJ thoroughly considered Plaintiff's testimony, the medical records, Plaintiff's daily activities, and the nature of Plaintiff's treatment

(conservative and, according to Plaintiff, exclusively by his primary care physician relative to his back and neck pain).

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[Doc. No. 15, filed December 28, 2018]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 16, filed January 11, 2019]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 11, filed May 7, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 14, filed August 2, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                                              s/Denise Page Hood
DATED: March 26, 2019                United States District Judge